DAVID SANDERS' EX'RS *v.* THERESA SANDERS.

**Judicial Sales—Sale in Court Room—Setting Aside Judgment.**

Where a judgment requires that the sale of land be made at the court house door, and sale is made within the court room with closed doors, at which the property did not bring more than half its value, the sale will be set aside.

APPEAL FROM BULLITT CIRCUIT COURT.

June 6, 1874.

OPINION BY JUDGE PRYOR:

It has been held by the court repeatedly, that since inadequacy of price will not authorize the biddings at a commissioner's sale to be opened, still, when the property has been sold at a sacrifice, any irregularity in the sale, or departure by the commissioner in the execution of the judgment of sale, from the directions therein given, will be sufficient to set the sale aside. Although the parties interested in the sale of the property in this case were guilty of great laches in not being present when the sale was made, yet it is evident that the land did not bring two-thirds, and perhaps not one-half of its value. The directions were to sell at the court house door, and not inside the court room with closed doors. The day was cold and inclement, and there may have been persons in the town watching to see the crowd assembled, as is usual in such case when such property is sold. It is true the announcement that a sale would be made was made at the court house door; but afterwards the door was

closed and the sale made on the inside of the court room, the door being opened only as persons entered or left the room. This is the statement made by the commissioner himself, and sustained by the testimony of Field, who was the counsel for one of the parties making the purchase. He says that there were but few persons in the court room at the time, that the sale was made with closed doors, and he afterwards advised his client to relinquish his bid. The first statement made by the commissioner as to the manner in which he conducted the sale, is qualified in his last examination; we think the. facts first disclosed by this witness must be true, for the reason that he is corroborated by Field, and that the last statement was made long after the sale took place; at any rate, a sale made with closed doors was not in compliance with the judgment and must necessarily have kept those outside and upon the streets in ignorance of what was transpiring in the court room. If the sale had been made in the courtyard adjacent to the court house door there might be less objection to the proceeding; but as the case is presented, we are satisfied the sale was not made in pursuance of the judgment. The order confirming the sale must be set aside, and a re-sale ordered. The cause is remanded for further proceedings consistent with this opinion. When the sale is not made as directed, no offer in order to open the biddings should be required.

*Noble, for appellants.*

*Robert, Thompson, Meylor, for appellees.*